IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| PREMARK HEALTH SCIENCE, INC., a Texas corporation,<br><br>    Plaintiff,<br><br>v.<br><br>PLANTFUEL, INC., a Delaware corporation; PLANTFUEL LIFE INC., a Canadian corporation; and BRAD PYATT, an individual,<br><br>    Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR BREACH OF CONTRACT AND UNJUST ENRICHMENT**

Plaintiff Premark Health Science, Inc. ("Premark") submits this Complaint against Defendants PlantFuel, Inc. ("PlantFuel"), PlantFuel Life Inc. ("PF Life"), and Brad Pyatt ("Pyatt") (collectively, "Defendants") for breach of contract based on unpaid invoices totaling $433,881.58. Premark provided agreed-upon goods and services to Defendants for which Defendants obtained the benefit and now refuse to pay.

### Overview of the Parties

1.    Premark is a packager of food, dietary supplements, and skin care products. Premark provided goods and services to Defendants. Premark is a Texas corporation having an address at 3200 Story Road W, Irving, Texas 75038.

2.    Defendants, through the brand name "PlantFuel™," sell dietary supplements. Defendants received goods and services from Premark.

3. Pyatt is an individual, and a resident of Colorado. On a document filed with the Colorado Secretary of State, Pyatt listed his mailing address as 14143 Denver West Parkway, #100, Golden, Colorado 80401. Pyatt founded PlantFuel in Golden, Colorado in April of 2020.

4. PlantFuel is a corporation, registered in Delaware and having a principal place of business in Colorado. On information and belief, PlantFuel has its principal place of business in Colorado at 14143 Denver West Parkway, #100, Golden, Colorado 80401. PlantFuel registered that address with the Colorado Secretary of State on March 31, 2022. PlantFuel used that address as its billing and delivery address. PlantFuel's employees, including its founder (Pyatt), reside in Colorado. On information and belief, PlantFuel maintained this principal place of business during the time of the transactions described in this Complaint. On a document filed with the Colorado Secretary of State, PlantFuel stated that it has a registered agent at 1942 Broadway Street Ste. 314C, Boulder, Colorado 80302 through Registered Agents Inc.

5. PF Life is a Canadian holding company that acts as a parent to PlantFuel. PF Life purchased PlantFuel on March 12, 2021, as a "wholly-owned operating subsidiary." PF Life changed its name from "Sire Bioscience Inc." to "PlantFuel Life Inc." on April 30, 2021 (one month after purchasing "PlantFuel Inc.").

## Jurisdiction and Venue

1. As described above, (1) PlantFuel has a principal place of business in Golden, Colorado; (2) Pyatt resides in Colorado; (3) PF Life is a Canadian parent company of PlantFuel; and (4) Premark is incorporated in Texas and has a principal place of business in Texas. This Complaint is based on Defendants' unpaid invoices totaling $433,881.58.

2. The Court has subject-matter jurisdiction of this case based on diversity: the amount in controversy exceeds $75,000, and the parties are citizens of different States. The

Plaintiff is a citizen of Texas; two of the Defendants are citizens of Colorado; and the third Defendant is a foreign corporation. 28 U.S.C. § 1332.

3. The Court has personal jurisdiction over PlantFuel because PlantFuel has its principal place of business in this District.

4. The Court has personal jurisdiction over Pyatt because Pyatt resides in this District, and transacts business in this district. Furthermore, Pyatt resided in Colorado during each of the transactions with Premark described in this Complaint.

5. The Court has personal jurisdiction over PF Life because of PF Life's role in the U.S.-based transactions with Premark. PF Life is the parent company of PlantFuel. On information and belief, PF Life authorized, encouraged, and directed PlantFuel and Pyatt to transact business in this District, PlantFuel and Pyatt did transact business in this District, PlantFuel and Pyatt entered into agreements with Premark (a Texas Corporation) for Premark to produce and ship products within the U.S., and PF Life received revenue from such transactions and other contacts within the U.S. and this District. PF Life retained benefits from PlantFuel and Pyatt's actions in the U.S. and in this District.

6. Venue is proper in this District because PlantFuel and Pyatt both reside in this District, and are both subject to personal jurisdiction in this District. 28 U.S.C. § 1391. PF Life, being a non-U.S. resident, may be sued in any judicial district. *Id.* at (c)(3).

## Joint and Several Liability

7. All three Defendants act together, and they do not maintain corporate separateness. The line between Defendants is blurred. Accordingly, it is unclear which of the three Defendants maintains funds at any particular moment. On information and belief, at least one of the three Defendants is left insufficiently funded by one or two of the other Defendants to

pay its debts.  Examples of the overlap between the three Defendants are described in the following paragraphs.

8.     The parent and subsidiary entities (PF Life and PlantFuel) act together and lack separate identities.  The similarity of the Canadian parent name ("PlantFuel Life Inc.") and the U.S. subsidiary name ("PlantFuel Inc.") is no coincidence.  Pyatt, who is the founder of PlantFuel, and who operates PlantFuel, was appointed to the executive leadership team of PF Life on August 3, 2021.  On information and belief, PlantFuel was PF Life's primary source of revenue during the time of the transactions with Premark.  In Canadian securities filings, the Canadian entity lists "plantfuel.com" as the URL for its website (which presents PlantFuel products and includes "PLANTFUEL, Inc.," and not "PlantFuel Life Inc," in the website footer).  On information and belief, the Canadian entity uses the same logo as the U.S. entity.  Additionally, the U.S. entity does not maintain corporate formalities, and is listed as "delinquent" by the Colorado Secretary of State since August 1, 2023.  Furthermore, on information and belief, the Canadian entity leaves the U.S. entity insufficiently funded to pay its debts.

9.     Pyatt and PlantFuel are insufficiently separated.  On information and belief, Pyatt created PlantFuel as an attempt to shield himself from liability, but did not perform the required corporate formalities related to PlantFuel, including the formality of registering to do business within Colorado while doing business in Colorado, and did not keep PlantFuel funded sufficiently to pay its debts.

10.    On information and belief, people in control of PF Life, including Pyatt, did not leave the PF Life entity sufficiently funded to pay its debts.

11. On information and belief, PF Life acts as a holding company that maintains the assets of PlantFuel to the extent those assets are not maintained by PlantFuel or by Pyatt. On information and belief, PF Life maintained the PlantFuel entity after purchasing it as an attempt to shield it from liability, despite not keeping the PlantFuel entity sufficiently funded and despite not performing the corporate formalities required for PlantFuel.

12. On information and belief, PF Life has complete control over PlantFuel.

13. PlantFuel was not authorized by the state of Colorado to transact business in Colorado when it did. Defendants provided their first purchase order to Premark on May 7, 2021. Defendants began distributing the product to customers through retailer GNC Holdings, LLC in August of 2021. From 2021 through 2022, Defendants sent several purchase orders to Premark through emails and other communications from Pyatt under the PlantFuel company name. On March 31, 2022, PlantFuel requested authorization from the Colorado Secretary of State to conduct business in Colorado. On information and belief, for all of the transactions between Defendants and Premark until March 31, 2022, Pyatt resided in Colorado and PlantFuel had its principal place of business in Colorado, but PlantFuel did not have the authority to transact business in Colorado. Sixteen months after requesting authorization to conduct business in Colorado, the Colorado Secretary of State changed PlantFuel's status to "delinquent."

## General Allegations

14. Defendants requested millions of dollars of packaged dietary-supplement products from Premark. Premark provided the requested products to Defendants, and Defendants paid some of the invoices. However, Defendants have not paid several invoices, and Defendants still owe $433,881.58 to Premark, excluding interest. Premark sent Defendants invoices with the

outstanding balances, but—more than a year after providing the last of such invoices—Premark has not yet received full payment, or any indication that payment is forthcoming.

15. On February 21, 2024, counsel for Premark sent PF Life a letter notifying PF Life that if the outstanding balances are not paid within two weeks, "we will file suit against PlantFuel for the entire balance due." More than six weeks have now passed, without any response or payment from Defendants.

16. The outstanding invoices can be combined into 6 groups based on the purchase orders (requests from Defendants to Premark) that they fill: referred to herein as PO 1016, PO 1020, Verbal PO, PO 1025, Test PO, and Mixed PO. These six groups of outstanding invoices are described in the following paragraphs.

17. **PO 1016.** Defendants sent Premark a purchase order on May 7, 2021, for thousands of units of packaged dietary supplements across 16 product offerings. That purchase order ("PO 1016") totaled $1,813,165.40. Premark completed PO 1016 by July 6, 2022. A total of $19,069.65 remains unpaid. This balance is provided in invoice 411310 (Exhibit A), dated July 6, 2022.

18. **PO 1020.** Defendants sent Premark a purchase order on June 11, 2021, for thousands of units of packaged dietary supplements across the same 16 product offerings as PO 1016. That purchase order ("PO 1020") totaled $902,771.92. Premark completed PO 1020 by June 24, 2022. A total of $102,216.36 remains unpaid. This balance is provided through invoices 410906 (Exhibit B), dated December 30, 2021; 411305 (Exhibit C), dated June 2, 2022; and 411306 (Exhibit D), dated June 24, 2022.

19. **Verbal PO.** Defendants made a verbal request for 81,600 units of 6 flavors of pre-workout sticks, totaling $252,798.43. Premark completed that purchase order ("Verbal PO")

on September 17, 2021. A total of $203,123.02 remains unpaid. This balance is provided in invoice 410612 (Exhibit E).

20. **PO 1025.** Defendants sent Premark a purchase order on October 18, 2021, for thousands of units of packaged dietary supplements across 4 product offerings. That purchase order ("PO 1025") totaled $111,225.00. Premark completed PO 1025 by January 18, 2022. A total of $2,559.15 remains unpaid. This balance is provided in invoice 410938 (Exhibit F).

21. **Test PO.** Defendants requested that Premark perform heavy metal testing on 20 lots of products, at a price of $168 for each test, for a total of $3,360. Premark completed that test ("Test PO") on February 10, 2022. A total of $3,360 remains unpaid. This balance is provided in invoice 410988 (Exhibit G).

22. **Mixed PO.** Premark provided Defendants with dietary supplements in the form of bags, packets, and sticks, for a total of $103,553.40. Premark completed that order ("Mixed PO") by December 31, 2022. A total of $103,553.40 remains unpaid. This balance is provided in invoice 411656 (Exhibit H).

## First Claim for Relief: Breach of Contract

23. Premark incorporates by reference all of the allegations set forth above as if fully set forth herein.

24. The purchase orders described above include requests by Defendants to Premark for quantities of goods to be prepared, packaged, and delivered for agreed-upon prices. Pyatt communicated the purchase orders to Premark, including through email. Premark completed the orders and provided Defendants with confirmation of completion through various invoices. Defendants also knew that Premark completed its obligations under the contracts because the Defendants received the requested products.

25. On information and belief, Defendants sold, or offered for sale, the products provided by Premark. On information and belief, Defendants sold the products provided by Premark to, at least, GNC or to GNC customers.

26. Defendants breached their obligations by failing to timely pay, or to pay at all, the invoices. Premark notified Defendants that payment was due within one month of the invoice date, and that Premark charges a 1.5% per month late fee. On August 22, 2022, Premark offered to waive late fees on late invoices if the past due amounts were paid by September 1, 2022, but—even then—Defendants did not make such payment.

27. As a result of Defendant's breach of the contracts, Premark has suffered damages and will continue to suffer damages. Premark is entitled to payment, from Defendants, of the outstanding invoices plus interest.

## Second Claim for Relief: Unjust Enrichment

28. Premark incorporates by reference all of the allegations set forth above as if fully set forth herein.

29. Premark conferred a benefit to Defendants: Premark provided the packaged dietary supplements that the Defendants requested, and the Defendants obtained those packaged dietary supplements.

30. Defendants accepted the goods from Premark under circumstances in which Defendants knew that Premark expected to be paid. For example, Defendants had already paid Premark for other deliveries of packaged dietary supplements.

31. Defendants voluntarily accepted and retained the benefit of the conferred products.

32. Defendants did not contest the delivery of the products. For example, the Defendants did not notify Premark that the delivered products were not desired by Defendants.

33. Defendants did not contest the invoices upon receiving them, or in the more than a year that has passed since then.

34. Defendants' unjust enrichment was at the expense of Premark, who paid for the materials, prepared and packaged the materials, and delivered the products.

35. It is inequitable to permit Defendants to retain the benefit conferred on them by Premark.

36. As a result of the unjust enrichment to Defendants, Premark has been damaged and is entitled to recover the amount of Defendants' gains plus interest.

## Prayer For Relief

WHEREFORE, Premark seeks the following:

A. An Order that Defendants are liable to Premark for actual damages, compensatory damages, and restitution.

B. An Order awarding Premark judgment against Defendants in an amount to be proven at trial, and not less than $433,881.58.

C. An Order awarding Premark attorney's fees, costs, and interest.

D. An Order declaring liability as to each of the three Defendants, jointly and independently, for the entire amount owed to Premark.

E. Such other and further relief that Premark is entitled to under the law, or in which the Court deems just and proper.

## Jury Demand

Premark demands a trial by jury on all claims so triable.

Dated: April 23, 2024                    Respectfully submitted,

<u>/s/*James R. Gourley*      </u>
James R. Gourley (SBN 55526)
(james@caglaw.com)
M. Conner Hutchisson (SBN 59605)
(hutchisson@caglaw.com)
CARSTENS ALLEN & GOURLEY, LLP
1707 Cole Blvd., Suite 210
Golden, CO 80401
Tel: (720) 798-6680
*Counsel for Plaintiffs*