IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-01117-PAB-STV

PREMARK HEALTH SCIENCE, INC., a Texas corporation,

    Plaintiff,

v.

PLANTFUEL, INC., a Delaware corporation,
PLANTFUEL LIFE, INC., a Canadian corporation, and
BRAD PYATT, an individual,

    Defendants.

---

# ORDER

---

This matter comes before the Court on Defendant Brad Pyatt's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 15]. Mr. Pyatt filed a separate brief in support of his motion to dismiss. Docket No. 16. On July 18, 2024, plaintiff Premark Health Science, Inc. ("Premark") filed a response. Docket No. 19. On July 25, 2024, Mr. Pyatt field a reply. Docket No. 22. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I.   BACKGROUND[1]

Premark is a Texas corporation that is a packager of food, dietary supplements, and skin care products. Docket No. 1 at 1, ¶ 1. PlantFuel Life, Inc. ("PFL") is a Canadian parent corporation of its U.S. subsidiary, PlantFuel, Inc., ("PlantFuel"), which

---

[1] The facts below are taken from plaintiff's complaint, Docket No. 1, and are presumed to be true, unless otherwise noted, for purposes of ruling on defendants' motion to dismiss.

was incorporated in Delaware.  *Id*. at 2, ¶ 3.  Mr. Pyatt is the founder and operator of PlantFuel.  *Id*. at 4, ¶ 8.  He was appointed to the executive leadership team of PFL on August 3, 2021.  *Id.*  PFL, PlantFuel, and Mr. Pyatt sell dietary supplements through the brand name of "PlantFuel^(TM)."  *Id*. at 1, ¶ 2.

PFL, PlantFuel, and Mr. Pyatt "act together, and they do not maintain corporate separateness."  *Id*. at 3, ¶ 7.  It is "unclear" whether PFL, PlantFuel, or Mr. Pyatt "maintains funds at any particular moment."  *Id*.  PFL maintains and purchased PlantFuel "to shield [PFL] from liability" and "has complete control over PlantFuel."  *Id*. at 5, ¶¶ 11–12.  PFL did not keep PlantFuel "sufficiently funded" and did not perform "the corporate formalities required for PlantFuel," as indicated by PlantFuel's delinquent status with the Colorado Secretary of State.  *Id*. at 4–5, ¶¶ 8, 11.  PFL relied on PlantFuel as its "primary source of revenue" while it was transacting with Premark.  *Id*. at 4, ¶ 8.  In its Canadian securities filings, PFL listed "plantfuel.com" as its website, which sells PlantFuel products and includes PlantFuel's name, rather than PFL's name, in its footer.  *Id*.  PFL "acts as a holding company that maintains the assets of PlantFuel to the extent those assets are not maintained by PlantFuel or by Pyatt."  *Id*. at 5, ¶ 11.

Furthermore, Mr. Pyatt and PlantFuel are "insufficiently separated."  *Id*. at 4, ¶ 9.  Mr. Pyatt "created PlantFuel as an attempt to shield himself from liability, but did not perform the required corporate formalities related to PlantFuel, including the formality of registering to do business within Colorado while doing business in Colorado, and did not keep PlantFuel funded sufficiently to pay its debts."  *Id.*

Although Mr. Pyatt resided in Colorado and PlantFuel's principal place of business was in Colorado during this period, PlantFuel was not authorized by the

2

Colorado Secretary of State to transact business. *Id*. Rather, PlantFuel did not request authorization to conduct business in Colorado until March 31, 2022. *Id*. at 5, ¶ 13. Sixteen months after PlantFuel requested this authorization, the Colorado Secretary of State designated PlantFuel as "delinquent." *Id*.

Between May 7, 2021 and March 31, 2022, defendants sent "several purchase orders to Premark through emails and other communications from Pyatt under the PlantFuel company name." *Id*. While Premark provided the requested products to defendants, defendants did not pay all the invoices and owe $433,881.58, excluding interest. *Id*., ¶ 14. On February 21, 2024, Premark sent a letter to PFL demanding the outstanding balance and stating that it would file suit if it was not paid. *Id*. at 6, ¶ 15. Defendants did not respond to the letter. *Id*. On April 23, 2024, Premark filed the instant suit, bringing claims against defendants for breach of contract and unjust enrichment. *Id*. at 7–9, ¶¶ 23–36.

## II.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds

3

upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). A court, however, does not need to accept conclusory allegations. *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

### III. ANALYSIS

Mr. Pyatt argues that Premark's complaint fails to allege facts that support piercing the corporate veil and holding Mr. Pyatt liable "for the acts of a corporation." Docket No. 16 at 4. Premark responds that it plausibly alleges that PlantFuel is the "alter-ego" of Mr. Pyatt, that this "corporate fiction" was used to perpetrate a fraud, and an equitable result will be achieved in piercing the corporate veil. Docket No. 19 at 5.

4

Specifically, Premark argues that the following allegations are sufficient: PlantFuel was founded by Mr. Pyatt, did not maintain enough funds to pay its debts, was operating in Colorado despite not being registered to do so, and was ultimately designated as "delinquent" by the Colorado Secretary of State.[2]  *Id*. at 5–6.  As to the perpetuation of fraud, Premark argues that the defendants' "unpaid invoice of $433,881.58 for goods and services Premark provided to the defendants that they now refuse to pay" and the fact that Mr. Pyatt "communicated the purchase orders to Premark under the PlantFuel name" satisfy this element.  *Id*. at 6–7.  Premark asserts that piercing the corporate veil will achieve an equitable result because failing to do so would result in Mr. Pyatt retaining the benefit of his transaction with Premark, without paying due compensation to Premark.  *Id*. at 7.

Premark asserts two claims against Mr. Pyatt, breach of contract and unjust enrichment.  Docket No. 1 at 7–9.  Mr. Pyatt does not identify what element of Premark's claims Premark fails to plausibly allege.  Rather, Mr. Pyatt appears to argue that the only theory upon which he could be liable for breach of contract and unjust

---

[2] Premark also claims that the following facts make it plausible that PlantFuel is the "alter-ego" of Mr. Pyatt: PlantFuel had a "three-year life," PlantFuel's sole place of business was in Colorado, Mr. Pyatt possesses "apparent wealth," PlantFuel shares an address with "other Brad Pyatt entities," and that there is "evidence that Brad Pyatt has a history of using company funds for personal expenses instead of paying creditors." Docket No. 19 at 5–6.  None of these facts are alleged in the complaint.  "Generally, a court considers only the contents of the complaint when ruling on a [Rule] 12(b)(6) motion, but exceptions to this general rule include the following: documents incorporated by reference in the complaint; documents referred to in and central to the complaint, when no party disputes its authenticity; and matters of which a court may take judicial notice."  *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023) (internal quotations, alterations, and citation omitted).  Here, no such exception applies, and the Court will not consider factual allegations not found in the complaint.

enrichment is that of piercing the corporate veil.[3]  *See* Docket No. 16 at 3–5.  Because Premark fails to "allege any facts relating to the three factors required to pierce the corporate veil," Mr. Pyatt argues that the claims against him must be dismissed.  *Id.* at 4.

Mr. Pyatt is incorrect that Premark's breach of contract and unjust enrichment claims can be dismissed on the basis that Premark fails to allege "any facts relating to the three factors required to pierce the corporate veil."  *Id.*  A request to pierce the corporate veil is not an independent cause of action, but rather "a tool of equity, to disregard the existence of a corporation and impose liability on the corporation's individual principals and their personal assets."  *Blair v. Infineon Techs. AG*, 720 F. Supp. 2d 462, 469 (D. Del. 2010); *see also In re Essar Steel Minn. LLC*, 602 B.R. 600, 606 (Bankr. D. Del. 2019) ("a plurality of states has held that alter ego liability is not an independent cause of action, rather it is a theory of liability that is properly asserted with the underlying breach of contract claim").  Despite not being an independent cause of action, Premark must nonetheless "plead facts supporting an inference that the corporation, through its alter-

---

[3] The parties apply Colorado law to the theory of piercing the corporate veil. Docket No. 16 at 3–5; Docket No. 19 at 5–7.  However, neither party explains why Colorado law would apply, especially in light of the fact that "[a] request to pierce the corporate veil is governed by the law of the defendant company's state of incorporation." *United States ex rel. Fowler v. Evercare Hospice, Inc.*, No. 11–cv–00642–PAB–NYW, 2015 WL 5568614, at *13 (D. Colo. Sept. 21, 2015) (citing Restatement (Second) of Conflicts § 307 (1971); Charles Alan Wright et al., 7 Fed. Prac. & Proc. Civ. § 1826 (3d ed.)); *see also In re Essar Steel Minn. LLC,* 602 B.R. at 605 ("Generally, when addressing how to plead an alter ego claim, federal courts look to the underlying state or substantive law to determine whether alter ego liability could form the basis for an independent cause of action.").  Although PFL is also a defendant, Premark does not argue that PFL is the alter ego of Mr. Pyatt, only that PlantFuel is the alter ego of Mr. Pyatt.  *See* Docket No. 19 at 5–7.  Therefore, the Court will consider only Delaware law as PlantFuel is incorporated in Delaware.  Docket No. 1 at 2, ¶ 4.

6

ego, has created a sham entity designed to defraud investors and creditors." *Eagle Air Transp., Inc. v. Nat'l Aerotech Aviation Del., Inc.*, 75 F. Supp. 3d 883, 896 (N.D. Ill. 2014) (citation omitted) (applying Delaware law on a motion to dismiss where plaintiff did not title its claim that defendant sought to dismiss, but "appear[ed] to base this claim on a theory of piercing the corporate veil").

However, even if Premark did not sufficiently allege an alter ego theory of liability, Premark does not allege Mr. Pyatt is liable only on an alter ego theory for breach of contract and unjust enrichment.[4]  Rather, Premark alleges that Mr. Pyatt is personally liable.

The complaint alleges that, under the contract, "Defendants" sent "purchase orders" to Premark "for quantities of goods to be prepared, packaged, and delivered for agreed-upon prices," "Premark completed the orders and provided Defendants with confirmation of completion through various invoices," and "Defendants also knew that Premark completed its obligations under the contracts because the Defendants received the requested products."  Docket No. 1 at 7, ¶ 24.  Furthermore, Premark claims that "Defendants breached their obligations" under the contract by "failing to timely pay, or to pay at all, the invoices." *Id*. at 8, ¶ 26.

Similarly, in the unjust enrichment claim, Premark alleges that it "conferred a benefit to Defendants," "Defendants accepted the goods from Premark under circumstances in which defendants knew that Premark expected to be paid," and

---

[4] "The terms 'alter ego theory' and 'piercing the corporate veil' are used interchangeably in Delaware law." *Winner Acceptance Corp. v. Return on Cap. Corp.*, 2008 WL 5352063, at *5 n.32 (Del. Ch. Dec. 23, 2008).

"Defendants voluntarily accepted and retained the benefit of the conferred product" without payment. *Id.* at 8, ¶¶ 29–31. Therefore, Premark claims that Mr. Pyatt himself received a benefit in the form of goods from Premark and was himself unjustly enriched, such that Premark is not solely relying on an alter ego, or agency, theory to establish liability. In alleging that "Defendants" breached the contract and were unjustly enriched, Premark alleges that Mr. Pyatt is personally liable, and not only through an alter ego.

Accordingly, the Court will deny Mr. Pyatt's motion to dismiss.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Defendant Brad Pyatt's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 15] is **DENIED.**

DATED February 27, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge