IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 24-cv-01117-PAB-STV

PREMARK HEALTH SCIENCE, INC., a Texas corporation,

     Plaintiff,

v.

PLANTFUEL, INC., a Delaware corporation,
PLANTFUEL LIFE, INC., a Canadian corporation, and
BRAD PYATT, an individual,

     Defendants.

---

**ORDER**

---

This matter comes before the Court on plaintiff Premark Health Science, Inc.'s

Renewed Motion for Default Judgment Against PlantFuel Inc. [Docket No. 85].

## I.   BACKGROUND[1]

### A.  Factual Allegations

Plaintiff Premark Health Science, Inc. ("Premark") is a Texas corporation that is a

packager of food, dietary supplements, and skin care products.  Docket No. 1 at 1, ¶ 1.

Defendant PlantFuel Life, Inc. ("PFL") is a Canadian parent corporation of its U.S.

subsidiary, defendant PlantFuel, Inc. ("PlantFuel"), which was incorporated in Delaware.

---

[1] The Court accepts the following well-pled allegations from the complaint as
true.  *See Mrs. Condies Salad Co. v. Colo. Blue Ribbon Foods, LLC*, 858 F. Supp. 2d
1212, 1217 (D. Colo. 2012) ("in making a determination on a motion for default
judgment, the Court accepts the well-pled allegations of Plaintiff's Complaint as true").

*Id*. at 2, ¶¶ 4-5.  Defendant Brad Pyatt is the founder and operator of PlantFuel.  *Id*. at 4,

¶ 8.  He was appointed to the executive leadership team of PFL on August 3, 2021.  *Id.*

Between May 7, 2021 and March 31, 2022, defendants sent "several purchase

orders to Premark through emails and other communications from Pyatt under the

PlantFuel company name."  *Id*. at 5, ¶ 13.  Premark provided the requested products to

defendants; defendants, however, did not pay all the invoices and owe $433,881.58,

excluding interest, to Premark.  *Id*., ¶ 14.  On February 21, 2024, Premark sent a letter

to PFL demanding payment of the outstanding balance and stating that it would file suit

if it was not paid.  *Id*. at 6, ¶ 15.  Defendants did not respond to the letter.  *Id*.  On April

23, 2024, Premark filed the instant suit, bringing claims against defendants for breach of

contract and unjust enrichment.  *Id*. at 7-9, ¶¶ 23-36.

### B.  Procedural History

On May 9, 2024, process server Viktoria Richards served PlantFuel's registered

agent, Registered Agents Inc. ("Registered Agents"), at 1942 Broadway, Ste. 314c,

Boulder, Colorado.  *See* Docket No. 20.  Ms. Richards states that she left service of

process with Blanca Hurtado, a receptionist at Registered Agents.  *See id.* at 1.  On

June 12, 2025, the Clerk of Court entered default against PlantFuel and PFL.  Docket

No. 62.  On June 23, 2025, Premark filed a motion for default judgment against

PlantFuel.  Docket No. 63.  On March 10, 2026, the Court denied Premark's motion

without prejudice to avoid inconsistent judgments against Mr. Pyatt.  *See* Docket No. 66

at 10-11.  On April 8, 2026, Premark filed its renewed motion for default judgment.

Docket No. 85.  On April 28, 2026, the Court presided over a bench trial on Premark's

claims against Mr. Pyatt.  *See* Docket No. 94.  On April 29, 2026, at the close of

2

evidence, the Court granted Mr. Pyatt's oral motion for judgment pursuant to Fed. R. Civ. P. 52. *See* Docket No. 95.

## II.    LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55. First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b). *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (citation omitted). In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id.* at 733. When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at

their pleasure.  We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure.  The threat of judgment by default serves as an incentive to meet this standard.").  One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted.  *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2688.1 (4th ed., 2022 rev.).  "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law."  *Id*.  A court need not accept conclusory allegations.  *Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1232 (10th Cir. 2002).  Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

To obtain a default judgment for a sum certain, the plaintiff must show the following by affidavit.  First, that the party in default is (1) not a minor or an incompetent person, (2) is not in military service, and (3) has not made an appearance.  D.C.COLO.LCivR 55.1(a)(1).  Second, the plaintiff must show that the sum is certain or

the sum can be made certain by computation.  D.C.COLO.LCivR 55.1(a)(2).

Additionally, the plaintiff must submit a proposed form of judgment that shows (1) the

party in favor of whom judgment shall be entered, (2) the party against whom judgment

shall be entered, (3) the sum certain amount consisting of the principal amount,

prejudgment interest, and the rate of post judgment interest, and (4) the sum certain of

attorney fees.  D.C.COLO.LCivR 55.1(b).

## III.    ANALYSIS

### A.  Jurisdiction

Before entering default judgment, the Court must determine whether it has

subject matter jurisdiction over the case and personal jurisdiction over the defendant.

*See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th

Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over

the defendant before entering judgment by default against a party who has not

appeared in the case").  For the reasons stated in the Court's order on Premark's first

motion for default judgment, the Court finds that it has subject matter jurisdiction over

the case and personal jurisdiction over PlantFuel.  *See* Docket No. 66 at 5-10.

### B.  Merits

Premark moves for default judgment on its breach of contract claim.  *See* Docket

No. 85 at 6-7.  Because jurisdiction is based on diversity, the Court applies Colorado's

substantive law.  *See Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995);

*Boyd Rosene & Assocs., Inc. v. Kan. Mun. Gas Agency*, 174 F.3d 1115, 1118 (10th Cir.

1999) (noting that, under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), a federal

court sitting in diversity applies the substantive law of the forum state).  Under Colorado

law, Premark must establish four elements to make out a claim for breach of contract: "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." *Spring Creek Expl. & Prod. Co. v. Hess Bakken Invs. II, LLC*, 887 F.3d 1003, 1033 (10th Cir. 2018) (quoting *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)).

Premark alleges that PlantFuel entered a contract with Premark by sending or verbally requesting purchase orders for Premark's products. Docket No. 1 at 6-7, ¶¶ 16-22. The Court finds, based on the complaint's well-pled allegations, that Premark and PlantFuel had a contract pursuant to which PlantFuel agreed to pay Premark for the products specified in the purchase orders. Premark alleges that it sent PlantFuel the specified products, but PlantFuel failed to pay the full amount due on the invoices. *See id.* Premark alleges that it sustained damages as a result of the unpaid invoices. *See id.* at 5-6, ¶ 14. Taking these well-pled allegations as true, the Court finds that Premark has sufficiently pled each element of a breach of contract claim.[2]

### C. Damages

Default judgment requires the court to ascertain the amount of damages. *See Reg'l. Dist. Council v. Mile High Rodbusters, Inc.,* 82 F. Supp. 3d 1235, 1243 (D. Colo. 2015) (citing *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984)). The court must hold a hearing on the damages claimed before entering default judgment unless "the

---

[2] Premark states that the Court "only needs to address Plaintiff's unjust enrichment claim in the alternative, or if it finds that Plaintiff is not entitled to the requested relief under its breach-of-contract claim." Docket No. 85 at 8. Because the Court finds that Premark has sufficiently alleged its breach of contract claim, it will not address Premark's unjust enrichment claim.

amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985). "Actual proof must support any default judgment for money damages where there is an uncertainty as to the amount." *Mile High Rodbusters, Inc.,* 82 F. Supp. 3d at 1243 (citing *Klapprott v. United States*, 335 U.S. 601, 611–12 (1949)). "While the Court accepts the well-pleaded facts of the complaint as true on a motion for default judgment, allegations relating to the amount of damages are generally not accepted as true." *First Home Bank v. USA Pro Roofing & Constr., LLC*, No. 18-cv-00965-MSK-STV, 2018 WL 6990394, at *3 (D. Colo. Oct. 19, 2018); *see also United States v. Craighead*, 176 F. App'x 922, 925 (10th Cir. 2006) (unpublished). "In making an independent determination of the amount of damages, the court may rely on detailed affidavits or documentary evidence." *BMO Harris Bank N.A. v. Marjanovic*, No. 19-cv-02945-CMA-KMT, 2021 WL 307501, at *4 (D. Colo. Jan. 29, 2021) (citations and quotation omitted).

Premark seeks $433,881.58 for the invoices that PlantFuel did not pay. *See* Docket No. 85 at 9. Premark attaches to its motion the affidavit of David Palmer, who was Premark's CEO at the time of Premark and PlantFuel's contract. *See* Docket No. 85-1. Mr. Palmer lists purchase orders and their associated invoices for which Premark has not received full payment. *See id.* at 2-3, ¶ 6. The total unpaid balance is $433,881.58. *See id.* at 2-3, ¶¶ 6-7. Accordingly, the Court finds that Premark is entitled to $433,881.58 in damages.

Premark seeks prejudgment and post-judgment interest. *See* Docket No. 85 at 9-10. Pursuant to Colo. Rev. Stat. § 5-12-102, a prevailing party is permitted to recover prejudgment interest at a rate of 8% per annum compounded annually from the date

7

that the money becomes due.  *See* Colo. Rev. Stat. § 5-12-102(1)(b), (2); *Yousuf v. Cohlmia*, 741 F.3d 31, 46 (10th Cir. 2014) ("In a diversity case, the issue of possible entitlement to prejudgment interest is governed by state law.") (internal quotation, alteration, and citation omitted).  Premark requests that prejudgment interest begin accruing at the date of breach, which is 30 days from the invoice date for each of the unpaid invoices.  *See* Docket No. 85 at 9-10; Docket No. 85-1 at 3, ¶ 8.  The Court finds that, under Colorado law, Premark is entitled to prejudgment interest.  Furthermore, Premark is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.  *See N. Star Sci. Sols., LLC v. Michigan Health Clinics*, No. 24-cv-00541-GPG-STV, 2025 WL 902427, at *6 (D. Colo. Feb. 25, 2025), *report and recommendation adopted*, 2025 WL 1251222 (D. Colo. Mar. 27, 2025) ("post-judgment interest . . . is mandatory under 28 U.S.C. § 1961").  "Post-judgment interest is due on the entire amount of the award, including both damages and prejudgment interest thereon."  *BMO Bank N.A. v. Radiometrics Corp.*, No. 25-cv-00265-REB-KAS, 2025 WL 2605086, at *2 (D. Colo. July 10, 2025).  Accordingly, the Court finds that Premark is entitled to prejudgment and post-judgment interest.

Finally, Premark seeks to recover $405 for the cost of filing the complaint.  *See* Docket No. 85 at 10.  The Court finds that Premark is entitled to recover this cost from PlantFuel.  *See Mckesson Corp. v. Premier Pharmacy Grp., LLC*, No. 24-cv-00355-DDD-MDB, 2026 WL 950806, at *7 (D. Colo. Feb. 6, 2026), *report and recommendation adopted*, 2026 WL 951431 (D. Colo. Feb. 23, 2026) (granting plaintiff's motion for default judgment and awarding plaintiff $405 for court filing costs).

## IV.   CONCLUSION

Therefore, it is

**ORDERED** that plaintiff Premark Health Science, Inc.'s Renewed Motion for Default Judgment Against PlantFuel Inc. [Docket No. 85] is **GRANTED**.  It is further

**ORDERED** that judgment shall enter in favor of plaintiff Premark Health Science, Inc. and against defendant PlantFuel, Inc. in the amount of $433,881.58 for breach of contract damages and $405 in costs.  It is further

**ORDERED** that pre-judgment interest shall accrue, pursuant to Colo. Rev. Stat. § 5-12-102, beginning **30 days** after the date of each invoice:

| Invoice Unpaid Balance | Invoice Date |
| --- | --- |
| $19,069.65 | 7/6/2022 |
| $46,702.49 | 12/30/2021 |
| $18,823.59 | 6/2/2022 |
| $36,690.28 | 6/24/2022 |
| $203,123.02 | 9/17/2021 |
| $2,559.15 | 1/18/2022 |
| $3,360 | 2/10/2022 |
| $103,553.40 | 12/31/2022 |

It is further

**ORDERED** that post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961.  It is further

9

ORDERED that, within 30 days of the Court's order, Premark shall explain how Premark intends to proceed regarding claims against PlantFuel Life, Inc. in light of the Court's ruling on Premark's claims against Mr. Pyatt and PlantFuel.[3]

DATED June 2, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

_____

[3] PFL has not appeared, and Premark has not moved for default judgment against PFL.